IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:11CR3029 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JEROD J. OLIVERIUS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on defendant's Motion To Inspect Seized Materials, filing no. 42. The Court, being fully advised in the premises, and noting that the parties have reached a stipulation (filing no. 43) regarding the parameters of said inspection, finds that said Motion should be granted.

IT IS THEREFORE ORDERED that to comply with 18 U.S.C. § 3509(m), and to allow the defendant an opportunity to prepare for trial in this matter, the government shall make a copy of the seized hard drive(s) reasonably available to the defendant and provide ample opportunity for the defense team to examine it at a government facility in Sioux Falls, SD. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting against further dissemination of said contraband that would be harmful to the victims, while permitting defense counsel an opportunity to prepare for trial. Accordingly, the Court orders as follows:

1. Oliverius' defense expert and a designated representative of the government shall confer for the purpose of providing the defense expert with information about the quantity of the electronic data in the possession of the government, the data's format and any other issues directly relevant to facilitating defense expert's examination of the electronic data.

2. The defense expert shall send a forensically wiped hard drive to the government and the government shall use this hard drive to create a defense hard drive.

3. The government shall transfer the defense hard drive directly to the U.S. Attorney's office in Sioux Falls, South Dakota to the attention of AUSA Jeff Clapper who will arrange for viewing of the forensically copied hard drive by Oliverius' defense expert utilizing the defense expert's equipment already located within a secure area within the South Dakota U.S. Attorney's office under the procedure currently employed in other cases by the South Dakota U.S. Attorney's office and Oliverius' defense expert.

4. Neither Oliverius' defense counsel nor Oliverius' defense expert shall make or permit to be made any copies of alleged child pornography present in the defense hard drive and shall not remove any alleged child pornography from the South Dakota U.S. Attorney's office facility. However, Oliverius' defense expert will be allowed to copy all or a portion of any file that is not child pornography contraband and compile a report (without contraband images/videos) documenting the defense expert's examination on removable media at the discretion of the defense expert.

5. The government shall not attempt to record any audio generated from the defense expert's work station and no attempt shall be made to observe the defense team's work product or computer monitor screen at any time. Oliverius' defense expert may use encryption software to ensure protection of defense expert's work product.

6. The above-described procedure relates solely to the facts and circumstances of this case. Furthermore, an Order by the Court related to the subject matter of this Stipulation does not constitute a waiver by the government regarding procedures generally employed for conducting forensic review of child pornography.

DATED this 1st day of March, 2012.

BY THE COURT:

s/ <u>Cheryl R Zwart</u>
The Honorable Cheryl Zwart
United States Magistrate Judge